UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Romac Environmental Services, LLC | Civil Action No. 6:20-00581 |
| | Judge Michael J Juneau |
| versus | |
| | Magistrate Judge Carol B. Whitehurst |
| Wildcat Fluids, LLC | |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion To Transfer Venue Or Stay Case [Rec. Doc. 6-1], filed by Defendant, Wildcat Fluids, LLC ("Wildcat"), Plaintiff Romac Environmental Service LLC's ("Romac") Opposition Memorandum [Rec. Doc. 10], and Defendant's Reply Memorandum [Rec. Doc. 13].   For the reasons that follow, the motion will be denied.

**I.     FACTUAL BACKGROUND**

Wildcat contends that from 2015 to 2017, Wildcat developed oilfield technology "for separating and processing flowback fluids during hydraulic fracturing operations" — the "SandCat." *R. 6-1, p. 5*. Wildcat further contends that the SandCat was based on Wildcat's trade secrets, confidential information and know-how developed from years of experience in the oil and gas industry.

On August 6, 2018, Romac and Wildcat entered into a Master Lease Agreement ("MLA") wherein Romac agreed to lease to Wildcat, and Wildcat agreed

to pay for rental of, the "SandCat." *R. 4-1, ¶ 20.* From July 1, 2019 to December 18, 2019, Wildcat requested, and Romac provided, the SandCat equipment to Wildcat as obligated by the MLA. Wildcat, however, failed to make rental payments in breach of the MLA.

On February 7, 2020, Romac's attorney sent a formal demand letter to Wildcat advising that Wildcat's rental payments pursuant to the MLA were in arrears in the amount of $299,621.60. *R. 4-3*. While the demand letter put Wildcat on notice that failure to pay the debt would result in the filing of a lawsuit, no payment was made.

Thereafter, on April 13, 2020, Wildcat filed a complaint against Romac in the Southern District of Texas stating the following claims related to its alleged development of the SandCat: fraudulent inducement of confidential information, misappropriated trade secrets, breach of fiduciary duty, trademark infringement, unfair competition, unjust enrichment, and conspiracy.[1] Romac filed the instant lawsuit against Wildcat on May 7, 2020, seeking to collect the unpaid rent for the leased SandCat units pursuant to the MLA.[2] *R. 1*.

In its motion, Wildcat moves to transfer this case to the Southern District of Texas, or alternatively to stay it, under the first-to-file rule. Romac maintains, and

---

[1] Wildcat joined DEL in the Texas lawsuit and alleged the same claims against it.
[2] DEL filed a similar suit in this Court on May 8, 2020. 6:20-cv-00588—*DEL Corporation v. Wildcat Fluids, LLC and Jeffrey Paul Weber* (USDC Western District of Louisiana, Lafayette Division). DEL contends in its lawsuit that "[t]he Sandcat System's" patent-pending design was conceived solely by Kulbeth ... and exclusively developed by DEL personnel.

Defendant does not dispute, that the parties' agreed in the MLA that "the proper venue for any legal disputes under this Agreement shall be" the state or federal court in Lafayette, Louisiana. *R. 6-1 pp. 11-12; R. 4-1, ¶20.*

## II. APPLICABLE LAW AND ANALYSIS

### A. *Contentions of the Parties*

Wildcat contends that this suit should be transferred to the U.S. District Court for the Southern District of Texas, Corpus Christi Division, pursuant to the first-to-file doctrine, in light of its April 13, 2020 lawsuit against Romac filed in Texas (the "Texas suit"). *R. 6-1.* Wildcat argues that the MLA's forum selection clause is permissive and should not displace the first-to-file rule.

Romac argues that the MLA contains a valid and legally enforceable mandatory forum selection clause which Wildcat cannot defeat by invoking the first-to-file rule. *Id.* Romac also argues that Wildcat's filing of the Texas suit after it was put on notice that Romac's counsel was authorized to file the instant action, "clearly suggests" that Wildcat's Texas suit was filed anticipatorily "for the sole purpose of forum-shopping" thereby precluding the application of the first-to-file rule. Finally, Romac asserts that Wildcat's claims all arise under the MLA.

### B. *Whether the Forum Selection Clause is Mandatory or Permissive*

The forum selection clause in the MLA provides in pertinent part:

3

> . . . . The parties agree that <u>the proper venue for any legal disputes under this Agreement shall be</u> the 15th Judicial District Court for the Parish of Lafayette, Louisiana or <u>the U.S. District Court, Western District of LA, Lafayette-Opelousas division</u>. The parties consent to personal Jurisdiction of said courts.

*R. 4-1, ¶ 20.* A valid forum selection clause "represents the parties' agreement as to the most proper forum." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). 28 U.S.C. § 1404, which addresses change of venue based on convenience, provides the mechanism for the enforcement of forum selection causes. *Atlantic Marine*, 571 U.S. at 60. When a motion to transfer venue involves a valid mandatory forum selection clause, the court is to conduct a modified analysis under § 1404(a), wherein the forum selection clause is to be '"given controlling weight in all but the most exceptional cases." *Id.*; *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016).

In *Weber*, the Fifth Circuit summarized the *Atlantic Marine* modified § 1404(a) analysis to be applied in cases involving a valid mandatory forum selection clause as follows:

> First, the plaintiff's choice of forum "merits no weight"; instead he has the burden of establishing that § 1404(a) transfer or FNC dismissal is unwarranted. And second, the court should not consider the private-interest factors: Because the parties have contracted for a specific forum, they "waive the right to challenge their preselected forum as inconvenient...." Instead, the court should consider only public-interest factors. "Because those factors will rarely defeat a transfer motion, the practical result is that [FSCs] should control except in unusual cases."

4

>Cases in which the public-interest factors are sufficiently strong to outweigh a valid FSC "will not be common."

*Webe*r, 811 F.3d at 767 (5th Cir. 2016), (citing *Atlantic Marine*, 571 U.S. at 63-64). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine,* 571 U.S. at 51. Thus, only where a court finds that (1) a forum-selection clause is not valid, (2) not mandatory, or (3) that the dispute does not fall within the scope of the clause, will the Court engage in a Section 1404(a) inquiry. *Weber*, 811 F.3d at 767.³

The foregoing *Atlantic Marine* analysis applies only to forum selection clauses which are mandatory, as opposed to permissive:

>A mandatory FSC [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal. An FSC is mandatory only if it contains clear language specifying that litigation must occur in the specified forum-and language merely indicating that the courts of a particular place "shall have jurisdiction" (or similar) is insufficient to make an FSC mandatory.

*Webe*r, 811 F.3d at 768 (citing *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir. 1994) and *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002)). If the forum

---

³ Wildcat does not argue that the forum selection clause is invalid due to fraud or overreaching, nor does it claim that enforcement of the forum selection clause would be unreasonable. *R. 6-1, 13*.

selection clause is permissive, the court should apply the traditional § 1404(a) analysis. *See Waste Mgmt. of Louisiana, L.L.C. v. Jefferson Par. ex rel. Jefferson Par. Council*, 594 Fed.Appx. 820, 821 (5th Cir. 2014). Here, Wildcat argues that the forum selection clause is permissive[4] while Romac maintains that it is mandatory. Thus, the initial inquiry is whether the forum selection clause in the MLA is mandatory or permissive.

The Court must determine whether the forum selection clause at issue— "the proper venue for any legal disputes under this Agreement shall be . . . the U.S. District Court, Western District of LA, Lafayette-Opelousas division"—contains clear language specifying that litigation must occur in the specified forum. *Weber*, 811 F.3d at 768. Stated differently, whether the forum selection clause clearly implicates the parties' intent to litigate exclusively in a particular court.

"For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. It is important to distinguish between jurisdiction and venue when interpreting such clauses. Although it is not necessary for such a clause to use the word 'venue' or 'forum,' it must do more than

---

[4] Wildcat's only argument related to this contention is under its argument that there are no "compelling circumstances" against applying the first-to-file rule. *R. 6-1, p. 10-11*. Wildcat contends that the term "under this Agreement" in the forum selection clause is too narrow and the term "proper" does not require an exclusive venue in order for the clause to be considered mandatory and depart from the first-to-file rule. *Id. at ¶¶ 29, 30*.

establish that one forum will have jurisdiction." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974)).

In *Keaty v. Freeport Indonesia, Inc.*, the Fifth Circuit considered the phrase: "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York." *Keaty*, 503 F.2d 955, 956 (5th Cir. 1974). In deeming the language permissive, the court found that the contract did no more than subject the parties to jurisdiction and venue in New York, but not to the exclusion of other possible forums. In other words, it did not limit the court to a specified locale. *Id.*

More recently, the Fifth Circuit construed a one-sentence forum selection clause providing "the laws and courts of Zurich shall be applicable," to be permissive and not mandatory. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir.1994). Citing *Keaty*, the Court noted that while the word "shall" generally indicates mandatory, rather than permissive, language, the provision in *Caldas* only indicated that the parties consented to personal jurisdiction in Zurich courts. *Id.* at 127–28. Nowhere did the clause clearly indicate that Zurich should be the exclusive forum for all disputes. *Id* at 128.

Here, the Romac—Wildcat forum selection clause states that "**the proper venue** ... **shall be**" . . . the U.S. District Court, Western District of LA, **Lafayette-Opelousas division**." The use of "the" in conjunction with "proper venue" does not leave room for any other court to have jurisdiction. *See Joe McGee Construction Company, Inc. v. White-Spunner Construction, Inc*., 2014 WL 12707141, at *2 (S.D.Miss., 2014). Moreover, the express language clearly and unequivocally limits any legal disputes to the courts of a specific/exclusive locale—Lafayette, Louisiana. *See Bentley v. Mutual Benefits Corp*., 237 F.Supp.2d 699, 701–02 (S.D.Miss.2002). Thus, unlike *Keaty* and *Caldas* the clause at issue specifically names the only courts with exclusive jurisdiction and forecloses the possibility that other courts may also have jurisdiction. *See e.g. Breakbulk Transp., Inc. v. M/V Renata*, 2008 WL 1883790, *2 (S.D.Tex. Apr.25, 2008).

Wildcat argues that the term "under this Agreement" is too narrow to cover all claims "related to" the MLA. As such, Wildcat contends its claims in the Texas suit do not arise "under the [rental] agreement," and therefore, the forum selection clause is permissive. In support of this argument, Wildcat states that "'under' has a definition similar to 'arising under' which is construed narrowly... [t]he term 'related to' is typically defined more broadly and is not necessarily tied to the concept of a causal connection. *R. 6-1, p. 12*. Wildcat cites *Smith v Lucent Techs, Inc*., 2004

WL 4629662, at *3 (E.D. La. 2004) for the origin of these definitions but fails to indicate how or why the case is analogous to the instant issue.

Contrary to Wildcat's position that the use of "under" in the forum selection clause makes it permissive, Federal courts in this jurisdiction have considered forum selection clauses which include the term "under" as well as "arising under" and have found that the forum selection clause was mandatory. *See e.g. In re Fireman's Fund Ins. Co.,* 588 F.2d 93, 93–94 (5th Cir.1979) ( "any suit or action for the enforcement of any of the obligations under this agreement...."); *U. S. for Use and Benefit of Fireman's Fund. Ins. Co. v. Frank Briscoe Co., Inc*., 462 F.Supp. 114, 116 (E.D.La.,1978); *Perry v. BergHOFF International, Incorporated*, 805 Fed.Appx. 301 (5th Cir. 2020); *U.S. ex rel. Twin City Elec. LLC v. Sauer Inc*., 2015 WL 5794139, at *3 (W.D.La.,2015). Moreover, in *Perry*, the court considered an employment contract with a forum selection clause which used the term "arising under this Agreement." The plaintiff argued that because her FLSA claims were not dependent on provisions in the employment contract the forum selection clause did not apply. *Id.* at 303. The court disagreed, finding that the clause was broad enough to include the plaintiff's FLSA claims. *Id.* Thus, the Court finds that Wildcat has failed to state any reason that the MLA forum selection provision should not apply in this action.[5]

---

[5] In its memorandum brief, Wildcat argues that its Texas claims "arise from the same core subject matter" as the claims in this case. *R. 6-1, p. 9*.

*C. The First-To-File Rule*

Wildcat maintains that transfer of venue is appropriate under the first-to-file rule. The first-to-file rule is a discretionary doctrine of comity and sound judicial administration under which, when two related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999). "However, the 'first-to-file rule' is not a rigid or inflexible rule to be mechanically applied." *Cummins-Allison Corp. v. Glory Ltd.*, 2004 U.S. Dist. LEXIS 13839, at *7 (E.D. Tex., 2004). The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F. 3rd. 947, 950 (5th Cir. 1997). However, when "compelling circumstances" exist, the first-filed court may disregard the first-to-file rule. See *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir.1971). Compelling circumstances exist "where a court determines that a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit." *Chapa v. Mitchell*, 2005 WL 2978396, at *2 (W.D.Tex., 2005).

In this case, the MLA contains a valid and enforceable mandatory forum selection clause. Wildcat cites no authority supporting the proposition that a party may defeat such a clause by invoking the first-to-file rule.[6] Nor has the Court located any Fifth Circuit authority holding that the first-to-file rule is a proper basis to set aside a valid forum selection clause containing mandatory language. In *Dixie Electric, LLC v. Jarwin*, the court reviewed decisions in other jurisdictions and held that it was improper for a party to invoke the first-to-file rule where the parties entered into a contract containing a forum selection clause. *Dixie Electric, LLC v. Jarwin*, 2017 WL 8727481, at *6 (W.D.Tex., 2017) (citing *Universal Operations Risk Mgmt., LLC v. Global Rescue LLC*, 2012 WL 2792444, at *5 (N.D. Cal., 2012); *Automated Sols., Inc. v. Fadal Machining Ctrs., LLC*, 2011 WL 2182457, at *5 (D. Idaho 2011) ("Although Plaintiffs were the first to file, the Court finds that should not defeat an otherwise valid and enforceable forum selection clause which Plaintiffs have not shown to be unreasonable nor does the Court find it to be."); *Megadance USA Corp. v. Knipp*, 623 F. Supp. 2d 146, 149 (D. Mass. 2009) ("It is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract."); *Hy Cite Corp. v. Advanced Marketing Intern., Inc.*,

---

[6] Wildcat cites *Gateway Mortgage Group, L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 Fed. Appx. 225, 227 (5th Cir. 2017) in support of its position that the first-to-file rule should displace the forum selection clause in this case because the Texas suit "involves substantially overlapping subject matter with [this] suit." In Gateway, the court found that the forum selection clause did not control the dispute between the parties and the court dismissed the lawsuit. *Id.* at 226. The Court finds *Gateway* inapposite to the instant action.

11

2006 WL 3377861, at *4 (W.D. Wis. 2006) ("The interests of justice mandate that the first-to-file rule should not be applied to plaintiffs' action because of the forum selection clause contained within individual plaintiffs' agreements."). The Court finds the reasoning of these cases persuasive. Accordingly, the first-to-file rule is not a legitimate basis for permitting Wildcat to escape its contractual obligation to litigate claims in the parties' agreed upon forum.[7]

### D. Motion to Stay Case

In the alternative, Wildcat requests that the Court stay this action "until such time that the Texas suit has concluded or has resolved all overlapping issues." *R. 6-1*. Once again, Wildcat relies on the inapplicable first-to-file rule. In this case, Romac seeks payment of just under $300,000.00 in undisputed rental payments owed by Wildcat. The Court finds that Wildcat's alternative motion to stay should be denied.

### III. CONCLUSION

For the reasons discussed herein,

**IT IS RECOMMENDED** that Wildcat's Motion to Dismiss or Transfer for Improper Venue (Rec. Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

---

[7] Based on the Court's determination that the forum selection clause in the MLA displaces the first-to-file doctrine, it is not necessary that the Court address Romac's forum shopping allegations.

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

**THUS DONE AND SIGNED** this 16th day of September, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE