UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Romac Environmental Servs., LLC, et al.      Civil Action No. 6:20-0581

versus                                        Judge Robert R. Summerhays

Wildcat Fluids, LLC, et al.                   Magistrate Judge Carol B. Whitehurst

**MEMORANDUM RULING AND ORDER**

Pending before the undersigned magistrate judge are two discovery motions, to wit: (1) Motion to Quash Subpoena [Doc. 178] filed by non-party Tornado Production Services, LLC ("Tornado"), and (2) Motion to Quash Subpoena [Doc. 179] filed by Romac Environmental Services, LLC ("Romac"). Both motions are opposed by Wildcat Fluids, LLC [Docs. 200 & 201]. For the following reasons, both motions are GRANTED.

Both motions essentially address the same issue. Tornado, which is not a party to the instant lawsuit, is a customer of Romac. On February 16, 2022, almost two months past the discovery deadline, Wildcat issued a Notice of Subpoena to Tornado, demanding production of documents, information, or objects, on February 28, 2022. The subpoena requests the following documents: (1) all communications between Tornado and Romac, DEL, or Wildcat relating to the SandCat; (2) all contracts or agreements between Tornado and Romac; (3) all invoices issued by

1

Romac to Tornado relating to the SandCat; and (4) all quotes issued by Romac to Tornado relating to the SandCat.

Both Romac and Tornado argue that Wildcat was aware of the business relationship between Romac and Tornado as it relates to the Sandcat prior to the close of discovery. According to both Tornado and Romac, Wildcat's counsel questioned Romac's corporate representative extensively regarding this relationship during the Rule 30(b)(6) deposition of Romac on November 19, 2021. Romac further argues that it provided copies of all invoices submitted to Tornado for the Sandcat to Wildcat on November 19, 2021.

In both motions to quash, Romac and Tornado argue that the requested production would be unduly burdensome and that the subpoena seeks confidential information. Wildcat acknowledges that it has known of the business relationship between Romac and Tornado regarding the SandCat but argues that it did not know that after promising to use Wildcat as its exclusive SandCat service provider, Romac then made a nearly identical promise to Tornado. Wildcat argues that it only learned of the foregoing when it reviewed the 7,319 pages of documents produced by Romac on January 3, 2022 (discovery that was provided after the discovery deadline under an agreement between the parties).

Two rules inform this dispute: Federal Rules of Civil Procedure 26 and 45. "Federal Rule of Civil Procedure 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 931 (N.D. Tex. 2017) (internal quotations omitted).1  Rule 45(d)(3) provides that "[o]n timely motion, the court ... must quash or modify a subpoena that" either "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."5  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). Where the moving party asserts the subpoenaed information is privileged or protected, the party must: (1) "expressly make the claim;" and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(i)–(ii).

In analyzing whether a subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time

---

1 *See also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2456 (3d ed) ("The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials.").

3

period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents [or information] and the nature and importance of the litigation." *Id.* (internal quotations omitted). In addition, "if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*

The party seeking to quash the subpoena bears the burden of demonstrating "that compliance with the subpoena would be unreasonable and oppressive," or that compliance will lead to disclosing privileged or protected material. *Id.* (quoting *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) (internal quotations omitted). "The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lead GHR Enters., Inc. v. Am. States Ins. Co.*, 2017 WL 6381744, at *6 (N.D. Tex. Dec. 14, 2017), *quoting Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015). Modifying the subpoena "is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

4

When "a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (quoting *Williams*, 178 F.R.D. at 110). Rule 26(b) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information must therefore be nonprivileged, relevant, and proportional to the needs of the case to constitute discoverable material. *See Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (citing *Rocha v. S.P. Richards Co.*, 2016 WL 6876576, at *1 (W.D. Tex. Nov. 17, 2016)) ("Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements."); *see also Thomas*, 327 F.R.D. at 609–10 (noting that "discovery from a third party as permitted through a subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action, and [d]iscovery outside of this scope is not permitted" (internal quotations omitted)).

Alternatively, Rule 26(c)(1) authorizes the court to issue a protective order, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c), a court may impose a protective order that, *inter alia*, forbids "the disclosure or discovery," specifies the "terms, including time and place or the allocation of expenses" of the discovery, prescribes "a discovery method other than the one selected by the party seeking discovery," or prohibits "inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)–(D). "The scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26" -- i.e., a party may discover any nonprivileged matter that is relevant to a party's claim or defense. *Garcia v. Prof'l Contract Servs., Inc.*, A-15-CV-585-LY, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017).

Like a motion to quash, the "burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Meisenheimer v. DAC Vision Inc.*, No. 3:19-cv-1422-M, 2019 WL 6619198, at *2 (N.D. Tex. Dec. 4, 2019), *quoting In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998). Courts have generally concluded that to obtain a protective order, the moving party must show both "good cause and a specific need for the

6

protection." *Id.* The Fifth Circuit has noted the following with respect to Rule 26(c)'s good cause requirement:

> [T]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis.

*Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (internal quotations and citations omitted).

To successfully oppose a motion for protective order, however, the party seeking discovery may "need to make its own showing of ... the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues...." *Dennis v. United States*, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017). The court has broad discretion in determining whether to impose a protective order. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Here, Romac has filed its motion under Rule 45. Wildcat argues that because the motion was filed in this Court – the Court that issued the subpoena – rather than the court of compliance,[2] Rule 26 governs the dispute, and the motion should be

---

[2] The Southern District of Texas encompasses Corpus Christi, Texas.

deemed a Motion for Protective Order. Rule 45(d)(3)(A) contemplates that "the court for the district where compliance is required" may quash or modify a subpoena, which presupposes that the motion was properly filed in the court of compliance, which, here, would be the Southern District of Texas. But the instant motion was filed in this Court – the court that issued the subpoena -- and not the court of compliance. Notwithstanding that the instant motion was filed in the wrong court, neither party objects to this Court deciding the motion. Indeed, Rule 45(f) allows the court of compliance to transfer a motion to quash to the issuing court if the person subject to the subpoena consents ore if the court finds exceptional circumstances.[3] As Tornado and Romac have filed their motions here, this Court concludes that consent has been given for this Court to decide the motion. Furthermore, with regard to whether the motion should be adjudicated as a Rule 45 motion to quash or

---

[3] Rule 45(f) states:

> **(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45

8

a Rule 26 motion for protective order, the undersigned concludes that the motion should be granted under either standard.

As seen from the cases above, the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b). *Zamora v. GC Servs., LP*, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017), *citing Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 CFD, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) (citing, *inter alia*, Fed. R. Civ. P. 45 advisory committee's notes to 1970 amendment (stating "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").

In the instant case, Romac argues that Wildcat has known about the identity of Tornado as a customer of Romac's since at least July 2021, well before the December 23, 2021 discovery deadline, and that Romac produced all of its invoices to Tornado with respect to the Sandcat to Wildcat on November 16, 2021. Furthermore, Romac argues that Wildcat seeks documents that would disclose the structure of Romac and Tornado's relationship, including all financial information. Romac argues that the disclosure of financial and contractual arrangements with any customer of Romac is detrimental to Romac's business, especially to a competitor – Wildcat -- who can use the information for its own financial gain. Finally, Romac argues that because Wildcat has chosen to have its Vice President, Alan Brown,

serve as its only expert witness in the lawsuit, production of the information by Tornado would allow Wildcat – through its "expert" employee – access to Romac and Tornado's confidential information. Therefore, Romac argues, the information cannot be produced pursuant to a protective order that will completely protect the information.

Wildcat argues that any issues associated with the timeliness of the subpoena are the fault of Romac, which produced approximately 7,000 documents after the discovery deadline. Wildcat also argues that the fact that the information will be seen by Mr. Allen is an "unfounded" concern.[4]

Under Rule 45(d)(3), the court must quash or modify a subpoena that either "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). Where the moving party asserts the subpoenaed information is privileged or protected, the party must: (1) "expressly make the claim;" and (2) "describe the

---

[4] The Court notes that there is a pending motion by Wildcat which challenges Romac's confidentiality designations [Doc. 176] and seeks to allow Mr. Brown to view certain documents previously produced by Romac and designated "Attorneys Eyes Only," pursuant to the Agreed Protective Order in this case. Romac opposes the motion, arguing that allowing Mr. Brown access to such documents creates an unacceptably high risk of competitive and financial harm. [Doc. 198, p. 9] The Court has delayed consideration of this motion until after the Court rules on the *Daubert* motion seeking to exclude the testimony of Mr. Brown. Nevertheless, because the documents which are the subject of the present motion to quash are the same type of confidential business information which Wildcat seeks for Mr. Brown to review in his role as Wildcat's damages expert, the court finds that the same potential competitive risk is present with regard to the subpoenaed documents.

nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(i)–(ii). In addition, because Tornado is a non-party, the court may also consider the expense and inconvenience to Tornado. Furthermore, under Rule 26, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir.1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

Here, Romac expressly invokes the confidential nature of the documents and argues that the requested documents would disclose the structure of the relationship between Romac and Tornado, including all financial information and contractual arrangements between Romac and Tornado. Additionally, it appears that much of the requested invoices have already been produced by parties to the lawsuit in discovery. Indeed, Romac voluntarily produced non-privileged documents related

11

to its business relationship with Tornado when it produced more than 7,000 documents to Wildcat in January, 2022.

Thus, given that Tornado is a non-party, that the subpoena requests documents that are confidential in nature and documents that are available from other parties, and given the expense and inconvenience to Tornado that would result if the subpoena were enforced, the undersigned concludes that the subpoena filed by Wildcat should be quashed.

Considering the foregoing, the Motion to Quash Subpoena [Doc. 178] filed by non-party Tornado Production Services, LLC ("Tornado") and the Motion to Quash Subpoena [Doc. 179] filed by Romac Environmental Services, LLC ("Romac") are hereby GRANTED, and the subpoena served on Tornado is hereby QUASHED.

Signed at Lafayette, Louisiana, this 3rd day of June, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE