UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Romac Environmental Servs., LLC, et al. | Civil Action No. 6:20-0581 |
| versus | Judge Robert R. Summerhays |
| Wildcat Fluids, LLC, et al. | Magistrate Judge Carol B. Whitehurst |

**ORDER**

Pending before the undersigned magistrate judge are two motions filed by Romac Environmental Services, LLC ("Romac"): (1) Motion for Leave to File Under Seal Counterclaim against Wildcat Fluids, LLC ("Wildcat") [Doc. 288]; and (2) Motion for Leave to File Under Seal First Supplemental and Amended Cross-Claim against DEL Corporation ("DEL") [Doc. 290].  Both motions are opposed [Docs. 292 & 297, respectively], and Romac filed reply briefs [Docs. 295 & 300, respectively].   For the following reasons, Romac's motions are GRANTED.

Both of Romac's motions are occasioned by the settlement of all claims between Wildcat and DEL.  On August 31, 2022, Romac, DEL, and Wildcat participated in a settlement conference with Magistrate Judge Whitehurst wherein Wildcat reached a settlement agreement with DEL, but Wildcat and Romac (and Romac and DEL related to Romac's crossclaim) were unable to reach a resolution. On October 18, 2022, Romac obtained a fully-executed copy of the Confidential Settlement Agreement and Release between Wildcat, Jeffrey Weber, and DEL

(hereinafter, the "Settlement Agreement"). As set forth in the Settlement Agreement and Release executed between DEL and Wildcat, as a condition of settlement, DEL agreed to allow Wildcat use of the "Sandcat" mark. In the instant motions, Romac seeks to add claims against Wildcat and DEL, arguing that, under its July 2018 Exclusive License and Supply Agreement with DEL, it owns the exclusive right to use, sell and lease the DEL-manufactured Sandcat units and has expended vast amounts of time, energy, and money marketing and promoting the Sandcat equipment in the oil and gas industry, all of which inure to the benefit of Romac. Romac argues that Wildcat's use of the Sandcat mark pursuant to the Settlement Agreement is infringing on Romac's rights as the owner of the exclusive right to use, sell, market, and lease the DEL-manufactured Sandcat units.

As a consequence of the agreements contained in the Settlement Agreement between Wildcat and DEL, Romac seeks to assert a counterclaim against Wildcat for conspiring with DEL to diminish the exclusivity of Romac's rights under the Exclusive License and Supply Agreement, and for engaging in unfair competition, which constitutes an unfair trade practice under law including, but not necessarily limited to, Louisiana Revised Statutes 51:1401, *et seq*. Romac also seeks to amend its original Cross-Claim against DEL to include claims for diminishing the exclusivity of Romac's rights under the Exclusive License and Supply Agreement by allowing Wildcat use of the Sandcat mark, which Romac argues it helped to create

and market, and for creating confusion in the marketplace by allowing Wildcat to use the Sandcat mark to advertise, manufacture, distribute, offer to sale, and/or lease infringing products.

Wildcat and DEL oppose the motions on grounds the requests for leave to amend are untimely and that there are no adequate remedies to cure the extreme prejudice that will inure to them if the amendments are permitted by the Court. Wildcat and DEL essentially argue that the settlement between them will have to be set aside and that the issue of the "ownership" of the Sandcat mark will have to be litigated, bringing back all of the original claims with respect to ownership of various intellectual property that were originally asserted in this lawsuit.

Rule 16(b) of the Federal Rules of Civil Procedure governs out-of-time amendment of pleadings. Once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." *See* Fed.R.Civ.P. 16(b)(4). A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013), *citing Fahi v. Marru itt Hotel Servs, Inc.,* 551 F.3d 344, 348 (5th Cir. 2008). If a party shows good cause for missing the deadline, then the "more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id.* (internal citations omitted).

There are four factors relevant to a determination of good cause under Rule 16(b)(4). They are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira*, 734 F.3d at 422, *citing Serv. Temps Inc.,* 679 F.3d at 334 (citing *Fahim,* 551 F.3d at 348).

In the instant case, the deadline for amendment of pleadings in this matter was August 26, 2021 [Doc. 28]. Romac has explained the reason for the delay in filing the instant motion, which was occasioned by the August 31, 2022 settlement between Wildcat and DEL. Romac argues that the full terms and conditions of that settlement agreement – to which Romac is not a party – were not known to Romac until October 18, 2022. The instant motions were filed on December 1, 2022. In light of these circumstances, Romac's failure to file the instant motions before the deadlines contained in the original scheduling order has been satisfactorily explained to this Court.

Romac has also succinctly set forth the importance of the proposed amended claims. Romac argues that under the terms of the Exclusive License and Supply Agreement between Romac and DEL, Romac is the owner of the exclusive right to use, sell and lease the DEL-manufactured Sandcat units. Romac argues that it has expended vast amounts of time, energy, and money in the marketing and promotion

of the Sandcat equipment in the oil and gas industry, all of which inure to the benefit of Romac, and that Wildcat's use of the Sandcat mark pursuant to the Settlement Agreement is infringing on Romac's rights as the owner of the exclusive right to use, sell, market, and lease the DEL-manufactured Sandcat units.

Wildcat and DEL argue that Romac's proposed amendment to add trademark infringement and related claims against them are premised on Romac's "brand new assertion of ownership of the [Sandcat] mark."[1] However, as Romac points out in its reply briefs, it is not now asserting ownership of the Sandcat mark. It is merely asserting claims that the terms of the settlement agreement between Wildcat and DEL compromise its ownership of the exclusive right to use, sell and lease the DEL-manufactured Sandcat units. Thus, the arguments of Wildcat and DEL suggesting that Romac is attempting to assert ownership claims to the mark by virtue of these proposed amended pleadings is not persuasive.

The nature of the new claims and counterclaims sought to be asserted by Romac are naturally related to the claims that remain pending, and the continuance of the current trial date of June 26, 2023 [Doc. 255] is sufficient to cure any prejudice to Wildcat and DEL. Thus, for the foregoing reasons, the Motion for Leave to File Under Seal Counterclaim against Wildcat Fluids, LLC [Doc. 288] and the Motion

---

1 *See* Wildcat's opposition brief, Doc. 292, at p.5.

for Leave to File Under Seal First Supplemental and Amended Cross-Claim against DEL Corporation [Doc. 290] are hereby GRANTED.

Signed at Lafayette, Louisiana, this 30th day of March, 2023.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE