## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| ROMAC ENVIRONMENTAL SERVICES LLC | CASE NO.  6:20-CV-00581 LEAD |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WILDCAT FLUIDS LLC | MAGISTRATE   JUDGE   CAROL   B. WHITEHURST |

### MEMORANDUM RULING

On September 15, 2022, the Court entered a Memorandum Ruling [ECF No. 252] and Order [ECF No. 253] granting the Motion for Partial Summary Judgment [ECF No. 131] filed by Romac Environmental Services, LLC ("Romac"). The present matters before the Court are two motions addressing that ruling. First, Romac has filed a Motion for Entry of Final Partial Judgment Pursuant to Rule 54(b) [ECF No. 259] seeking a final judgment on the open account claim that was addressed in the Court's September 2022 ruling. Second, Wildcat Fluids LLC ("Wildcat") has filed a Motion for New Trial, Motion to Alter/Amend Judgment and Motion for Reconsideration [ECF No. 266] which seeks reconsideration of the Court's ruling.

## I.
### BACKGROUND

On April 13, 2020, Wildcat Fluids, LLC ("Wildcat") filed suit against DEL Corporation ("DEL") and Romac Environmental Services, LLC ("Romac"), asserting a variety of claims including fraud, unfair trade practices, and infringement on intellectual property.[1]  Romac filed a separate suit against Wildcat on May 7, 2020, asserting several claims, including a claim on open

---

[1] Case Number 6:20-cv-1672, ECF No. 1.

account.[2] Romac alleged that the parties entered into a lease agreement under which Romac would provide equipment and services to Wildcat in exchange for fees.[3]  In May 2018, Wildcat began leasing equipment and requesting services from Romac and submitting regular payments, but Wildcat made no payments for equipment and services from July 1, 2019 to December 18, 2019.[4] DEL filed a separate suit against Wildcat and Jeffrey Weber for claims including breach of contract and an open account claim.[5]  The three suits were consolidated by this Court on January 19, 2021.[6] Accordingly, this action involves multiple parties and claims.

On September 15, 2022, the Court granted Romac's motion for partial summary judgment on its open account claim against Wildcat.  The Court held that no genuine dispute of material fact exists as to that specific claim, that Romac is entitled to summary judgment on that claim, and that Wildcat owes Romac the sum of $294,621.60 to satisfy the remaining unpaid invoices, as well as attorney fees in an amount to be determined after further proceedings.[7] Wildcat now seeks reconsideration asserting that the Court did not consider Wildcat's affirmative defenses and evidence submitted by Wildcat. In addition, Romac seeks a final judgment on the open account claim.

## II.
### LAW AND ANALYSIS

### A.  Wildcat's Motion for Reconsideration.

Wildcat seeks reconsideration pursuant to Rules 54(b) and 59(e) of the Federal Rules of Civil Procedure. Rule 54(b) provides, in part, that an order which does not resolve all claims, "may

---

[2] ECF No. 1.
[3] *Id.*, at ¶ 7.
[4] ECF No. 252.
[5] Case Number 6:20-cv-588, ECF No. 1.
[6] ECF No. 26.
[7] ECF No. 252.

be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 59(e) requires that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. The Fifth Circuit has stated that Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"[8] "Rule 59(e) requires something new and decisive, some blatant injustice, or an obvious error, not substantively identical assertions reechoed."[9] Stated more simply, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled,"[10] or to "repackage familiar arguments to test whether the Court will change its mind."[11]

In the instant matter, Wildcat does not present any new evidence or arguments but merely states that the Court's ruling was unclear on two issues: (1) whether the Court considered Wildcat's affirmative defenses, and (2) whether the Court considered the evidence submitted by Wildcat. As to the first issue, the Court considered the affirmative defenses asserted by Wildcat but concluded that the defenses were insufficient to prevent issuance of summary judgment on Romac's open account claim. To the extent that those affirmative defenses have some merit as to other claims, Wildcat may raise them when those claims are addressed. As to the Wildcat's second argument, the Court did, in fact, consider all evidence and argument presented by all parties. Wildcat points to a sentence contained in the Court's ruling which stated that "Wildcat has offered no evidence

---

[8] *Waltman v. International Paper Co.,* 875 F.2d 468 (5th Cir. 1989) (citing *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D. Ill. 1982).
[9] *United States ex rel. Carter v. Bridgepoint Educ., Inc.,* 2015 WL 818032 (S.D. Cal. Feb. 20, 2015) (citing *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985); *Frasure v. United States,* 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003); and *Bahrs v. Hughes Aircraft Co.,* 795 F. Supp. 965, 965 (D. Ariz. 1992).
[10] *Brown v. Kinross Gold, U.S.A.,* 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (relying *on Nunes v. Ashcroft,* 375 F.3d 805, 807-08 (9th Cir. 2004), and *Brogdon v. Nat'l Healthcare Corp.,* 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000))
[11] *Brogdon,* 103 F. Supp. 2d at 1338.

to establish which credits, if any, are due to Wildcat."[12] Wildcat interprets this sentence to mean that the Court did not consider any of the evidence which Wildcat submitted regarding credits. The Court considered this evidence, but the evidence was insufficient to establish which credits, if any, are due to Wildcat.

In sum, Wildcat has failed to raise sufficient grounds to reconsider the Court's prior ruling, and, accordingly, Wildcat's Motion for New Trial, Motion to Alter/Amend Judgment and Motion for Reconsideration is DENIED.

### B. Romac's Motion for Entry of Final Partial Judgment.

Next, Romac requests that the Court enter a final partial judgment on the open account claim pursuant to Rule 54(b). After a court enters partial summary judgment, a party may file a motion under Rule 54(b) of the Federal Rules of Civil Procedure for entry of a final judgment. Specifically, in an action that involves more than one claim for relief or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

In determining whether to enter a final judgment as to one claim or party, the Court must act as a "dispatcher" and weigh and balance the contending factors.[13] As such, it is left to the sound judicial discretion of the Court to determine the "appropriate time" when each final decision in an action is ready for appeal.[14] This discretion is to be exercised "in the interest of sound judicial administration."[15]

---

[12] ECF No. 252, at p. 8.
[13] *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 12 (1980).
[14] *Mackey*, at 435.
[15] *Id.* at 437.

The first step requires the Court to find that a judgment is indeed final. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[16]

Next, if a final judgment is present, the court must decide whether administrative interests and the equities involved present any just reason for delay. Administrative interests implicate "the historic federal policy again piecemeal appeals."[17] The Fifth Circuit has explained that Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'"[18] Therefore, a court should consider whether an appellate court "would have to decide the same issues more than once even if there were subsequent appeals"[19] If the administrative interests do not weigh against entry of judgment, the Court must consider the equities at issue. According to the Fifth Circuit, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[20]

Considering these factors, the ruling on Romac's open account claim is final as it is an ultimate disposition of that claim. The Court also finds that "administrative interests" weigh in favor of entry of final judgment as to this claim. As the Court previously noted, this case involves multiple parties and claims. Romac's open account claim was originally asserted in a separate

---

[16] *Curtiss–Wright*, 446 U.S. at 8, quoting Mackey, 351 U.S. at 436.
[17] *Id.*
[18] *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus., Inc. v. Harrison Cty. Wastewater Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).
[19] *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988).
[20] *PYCA Indus., Inc.*, 81 F.3d at 1421.

action and is factually and legally distinct from the other claims in this consolidated action. If the Court's ruling on this claim is appealed, it will not require the appeals court to decide similar issues in multiple piecemeal appeals. The Court also agrees that Romac has demonstrated that entry of judgment on this distinct claim will avoid the hardship or injustice caused by delay in light of the ongoing litigation of the other claims. Accordingly, Romac's Motion for Entry of Final Partial Judgment Pursuant to Rule 54(b) is GRANTED. Counsel for Romac shall submit a judgment in conformity with the foregoing reasons within twenty (20) days.

THUS DONE in Chambers on this 15th day of September, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE