UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROMAC ENVIRONMENTAL SERVICES LLC     CASE NO. 6:20-CV-00581 LEAD

VERSUS                               JUDGE ROBERT R. SUMMERHAYS

WILDCAT FLUIDS LLC                   MAGISTRATE JUDGE CAROL B. WHITEHURST

MEMORANDUM RULING AND ORDER

Presently before the Court is the issue of attorney fees due to Romac Environmental Services LLC ("Romac") on account of its open account claim. On September 15, 2022, the Court granted Romac's motion for partial summary judgment on its open account claim against Wildcat Fluids, LLC ("Wildcat"). The Court held that no genuine dispute of material fact exists as to that specific claim, that Romac is entitled to summary judgment on that claim, and that Wildcat owes Romac the sum of $294,621.60 to satisfy the remaining unpaid invoices, as well as attorney fees in an amount to be determined after further proceedings.[1] Counsel for Romac has now submitted an Affidavit of Attorney's Fees and Costs [ECF No. 268] setting forth the attorney fees and costs asserted on account of the open account claim. Wildcat objects to the fees and costs as unreasonable.

Romac seeks to recover attorney fees of $169,148.81 and expenses of $4,351.63. Wildcat argues that the fees are *per se* unreasonable as they represent nearly sixty percent of the total recovery on the open account claim. The Court disagrees. A fee is not *per se* unreasonable merely because it equals a substantial portion of the amount awarded on the open account claim. The Court must examine the number of hours billed and the rates used to calculate the fee request in

---

[1] ECF No. 252.

the context of the specific case at hand. From the start, this case was heavily litigated as reflected on the clerk's docket sheet. Reviewing the amount of hours billed, the work performed in connection with the open account claim and the litigious nature of the case, the Court cannot conclude that a fee amounting to sixty percent of the amount awarded is *per se* unreasonable. Furthermore, the Court does not find that the fee is unreasonable based on Wildcat's claim that the proffered fee bill includes attorneys' fees billed on other matters. Although a distinct claim, the open account claim was litigated in the context of the overall case and some overlap, particularly with respect to discovery and procedural motions addressing the entire case, is to be expected.

Wildcat also argues that the attorney fees should be reduced based upon a lack of "billing judgment." A federal court sitting in diversity must apply state substantive law and federal procedural law.[2] Under Louisiana law, attorneys' fees are only recoverable when authorized by statute or contract.[3] In Louisiana, attorneys' fees are recoverable by a plaintiff who succeeds on a claim for open account.[4] Under Louisiana law, a trial court has great discretion in awarding attorneys' fees. Awards of attorney's fees under state law are reviewed for an abuse of discretion.[5] "Generally, each case is considered in light of its own facts and circumstances; however, the amount awarded must be reasonable."[6]

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the attorneys' fees requested by submitting documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."[7] Billing judgment requires

---

[2] *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).
[3] *Stutts v. Melton*, 2013-0557 (La. 10/15/13), 130 So.3d 808, 814.
[4] La.Rev.Stat. Ann. § 9:2781.
[5] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).
[6] *Ryan v. Case New Holland, Inc.*, 51,062 La. App. 2 Cir. 12/22/16, 211 So. 3d 611.
[7] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant.[8]

The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment.[9] In the alternative, the Court may conduct a line-by-line review of the billing statement to determine reasonableness.[10]

In the instant case, the parties have spent over three years litigating numerous issues. The Affidavit of Attorney's Fees and Costs submitted by counsel for Romac indicates that counsel only included those fees and costs related to the open account claim. A review of the billing records submitted reflects that counsel for Romac at least attempted to limit the requested fees to those time entries related only to the open account claim. However, without having the entire billing records to review, the Court is not able to determine with certainty that some time entries which could relate solely to other parts of the case were appropriately reduced to only reflect time spent on the open account claim. Further, the Affidavit of Attorney's Fees and Costs states that, as an exercise of billing judgment, the time spent by one associate were not included in the calculation of fees.[11] A review of the attached time entries reflects over 100 entries reflecting this associate's time. While there was no prohibition against billing for this time, the fact that the associate's time entries were included is contrary to the affidavit which references the exclusion of her time as an exercise of billing judgment.

---

[8] *Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006)
[9] *Walker v. U.S. Dept. of Housing and Urban Dev.,* 99 F.3d 761, 770 (5th Cir. 1996).
[10] *Hobson v. ABE Development LLC,* No. 15-1480, 2016 WL 5724598, at *2 (E.D. La. Sept. 30, 2016); *see Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642, 662 (5th Cir. 2002), abrogated on other grounds by *Burlington N. & Santa Fe. Ry. Co. v. White,* 548 U.S. 53 (2006)
[11] ECF No. 268, ¶ 30.

The Court finds that some adjustment to the attorney fees submitted is appropriate. After a review of the entirety of the records, the Court finds that an appropriate reduction is 15% of the total attorney fees requested.[12] Accordingly, the Court will allow attorney fees of $143,776.49, along with the requested costs of $4,351.63.

Counsel for Romac shall include the attorney fees and costs allowed by the Court in the Judgment to be submitted with regard to the open account claim.

IT IS SO ORDERED.

THUS DONE in Chambers on this 23rd day of October, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[12] The total attorney fees requested was $169,148.81. Fifteen percent of that amount is $25,372.32.