# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ROMAC ENVIRONMENTAL SERVICES LLC** | **CASE NO. 6:20-CV-00581 LEAD** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WILDCAT FLUIDS, LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Wildcat Fluids, LLC's ("Wildcat") Fed. R. Civ. P 12(c) Motion to Dismiss Romac's Counterclaims (Rec. Doc. 338). Romac opposed the motion (Rec. Doc. 346). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Wildcat's motion be GRANTED.

## Factual Background

The Court hereby incorporates by reference, as if set forth fully herein, the Factual Background delineated in the Report and Recommendation (Rec. Doc. 325) filed in this matter on September 18, 2023 (Report and Recommendation adopted on March 1, 2024 (Rec. Doc. 337)).

Additionally, pertinent to the present matter, on March 30, 2023, Romac filed counterclaims against Wildcat asserting claims for violation of the Louisiana Unfair Trade Practices Act ("LUPTA") (Count I) and trademark infringement (Count II) and requesting that a permanent injunction be issued ordering Wildcat to cease all use of the Sandcat mark. (Rec. Doc. 304). Wildcat moves to dismiss Romac's counterclaims on the grounds that Romac failed to state a trademark infringement claim upon which relief can be granted because Romac lacks standing to bring a trademark infringement claim as a mere licensee. (Rec. Doc. 338). Further, Wildcat maintains that Romac failed to state a LUTPA claim for which relief can be granted because (1) Romac lacks standing to bring a LUTPA claim, and (2) Wildcat's settlement agreement with DEL is a permissible business practice which does not misappropriate any rights or rise to the egregious level of business misconduct required to support a LUTPA claim. (*Id.*). Lastly, Wildcat contends that Romac's request for a permanent injunction against Wildcat be denied because there is no recognizable injury to support a permanent injunction. (*Id.*).

## Law and Analysis

### I. Law applicable to Rule 12(c).

Pursuant to Fed. R. Civ. P 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a Rule 12(c) motion is the same as a Fed. R. Civ. P 12(b)(6)

2

motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 , 547 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II. Whether Romac has standing to assert LUPTA and/or trademark infringement claims.

Both parties assert that Wildcat's Motion to Dismiss argues that Romac's counterclaims against Wildcat for violation of LUPTA and trademark infringement should be dismissed for the same reasons previously presented to the Court in DEL's Motion to Dismiss. (*See* Rec. Doc. 315). Indeed, both parties requested to incorporate by reference and rely on the respective memorandums in support/opposition and replies filed in the DEL Motion to Dismiss. (Rec. Docs. 338-1 & 346; *see also* Rec. Docs. 315-1, 319, 322, 325, 327, & 337). Specifically, in their opposition to the present motion, Romac notes:

> In light of Wildcat's reliance on, and adoption of…DEL's Motion to Dismiss (including DEL's Memorandum in Support and Reply), and this Court's recent ruling granting DEL's Motion to Dismiss, for purposes of preserving its rights and arguments on appeal, Romac hereby opposes Wildcat's Motion to Dismiss for the same reasons asserted by Romac in opposition to DEL's Motion to Dismiss.
> (Rec. Doc. 346, p. 2).

Because the issues, argument, law, and application raised in Wildcat's motion are the same as those raised in DEL's Motion to Dismiss, for the reasons set forth in the September 18, 2023 Report and Recommendation (Rec. Doc. 325)(Report and Recommendation adopted on March 1, 2024 (Rec. Doc. 337)), the Court recommends that Wildcat's motion be granted, and that Counts I and II of Romac's counterclaims against Wildcat be dismissed.

### III. **Whether Romac's request for a permanent injunction should be denied.**

Because Romac contends that Wildcat is engaging in trademark infringement and unfair trade practices, Romac seeks a permanent injunction ordering Wildcat to cease all use of the Sandcat mark, including Wildcat's use of the Sandcat mark to advertise, manufacture, distribute, offer for sale and/or lease infringing products pursuant to the settlement agreement. (Rec. Doc. 304).

It is well settled that:

> A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Because the Court recommends that Romac's counterclaims against Wildcat for trademark infringement and LUTPA violation be dismissed, the Court likewise recommends that Romac's request for permanent injunction be denied.

### Conclusion

For the reasons discussed herein, the Court recommends that Wildcat's Motion to Dismiss Romac's Counterclaims (Rec. Doc. 338) be GRANTED. Romac's claims against Wildcat for violations under the Louisiana Unfair Trade Practices Act ("LUTPA") (Count I) and trademark infringement (Count II) should

be dismissed. Romac's request for a permanent injunction should likewise be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of April, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE